# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued October 21, 2016　　　Decided February 28, 2017

No. 14-1150

CENTER FOR REGULATORY REASONABLENESS,
PETITIONER

v.

ENVIRONMENTAL PROTECTION AGENCY,
RESPONDENT

———

On Petition for Review of Letters
Dated April 2 and June 18, 2014 from the
United States Environmental Protection Agency

———

*John C. Hall* argued the cause for petitioner. With him on the briefs were *Gary B. Cohen* and *Philip D. Rosenman*.

*Jeffrey S. Longsworth* was on the brief for *amicus curiae* The National Association of Clean Water Agencies in support of petitioner.

*Andrew J. Doyle*, Attorney, U.S. Department of Justice, argued the cause for respondent. With him on the brief were *John C. Cruden*, Assistant Attorney General, and *Richard T. Witt*, Attorney, U.S. Environmental Protection Agency. *Michele L. Walter*, Attorney, U.S. Department of Justice, entered an appearance.

Before: KAVANAUGH and WILKINS, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: As a general matter, the Clean Water Act prohibits discharge of pollutants into the Nation's waters except in accordance with a permit. The Environmental Protection Agency promulgates rules governing those permits. Some of the permitting rules apply to publicly owned water treatment facilities. In 2011, EPA issued policy letters that explained and arguably changed two EPA policies with respect to publicly owned water treatment facilities. A group representing the interests of municipalities then sued to challenge the new EPA policy letters in the Eighth Circuit. The group prevailed in the Eighth Circuit. *See Iowa League of Cities v. EPA*, 711 F.3d 844 (8th Cir. 2013).

Beginning in 2013, EPA made statements indicating that it would not acquiesce in or follow the Eighth Circuit's decision outside of that circuit. We will refer to those EPA statements collectively as "EPA's non-acquiescence statement." In this Court, an industry group – the Center for Regulatory Reasonableness – then sued EPA. The Center raised multiple challenges to the non-acquiescence statement's legality, including claims that the non-acquiescence statement was itself a rule promulgated without proper notice and comment and in excess of the agency's statutory authority.

The key threshold question here is whether this Court has jurisdiction to hear this kind of challenge at this time. We do not. In general, district courts have jurisdiction to review

final agency actions unless a statutory provision provides for direct review in a court of appeals. To be sure, the Clean Water Act authorizes direct court of appeals review of EPA-promulgated effluent or other limits on discharge of pollutants. 33 U.S.C. § 1369(b)(1)(E). We need not determine whether EPA's non-acquiescence statement constitutes a "promulgation" because EPA's non-acquiescence statement does not announce an effluent or other limit on discharge of pollutants. The non-acquiescence statement merely articulates how EPA will interpret the Eighth Circuit's decision. Therefore, to the extent the Center wants to directly challenge EPA's non-acquiescence statement, it must follow the usual path of suing in district court under the Administrative Procedure Act, assuming other reviewability criteria are satisfied. *See* 5 U.S.C. §§ 702-704; 28 U.S.C. § 1331.[1]

To the extent the Center seeks to directly challenge the 2011 policy letters, direct review of those letters in a court of appeals had to be sought within 120 days (as another petitioner did in the Eighth Circuit). *See* 33 U.S.C. § 1369(b)(1). The Center is well outside the 120-day window to directly challenge the 2011 policy letters in this Court. To the extent the Center believes EPA is violating the Eighth Circuit's mandate, it may of course try to seek mandamus or other appropriate relief in the Eighth Circuit. *See* 28 U.S.C. § 1651(a).

---

[1] In determining jurisdiction, this Court generally will assume the merits as the plaintiff or petitioner pleads them, but that is not the approach we follow when, as here, "the merits of th[e] APA challenge are inextricably linked to our jurisdiction to hear that challenge." *Cement Kiln Recycling Coalition v. EPA*, 493 F.3d 207, 226 (D.C. Cir. 2007).

In sum, this Court lacks jurisdiction to directly review EPA's non-acquiescence statement. The petition for review is dismissed.

*So ordered.*